UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA J. FIELDS,

    Plaintiff,                                      Case No. 17-cv-11812
                                                   Hon. Matthew F. Leitman
v.

PIERRE OCTAVIUS ASHFORD, *et al.*,

    Defendants.

_____/

## **ORDER GRANTING LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION FOR SUMMARY JUDGMENT (ECF #32)**

This action arises of an automobile accident between Plaintiff Angela Fields ("Fields") and Defendant Pierre Octavius Ashford. In her Complaint, Fields asserts one claim (Count V) against Defendant Cigna Life and Health Insurance Company ("Cigna") for failing to pay benefits under her long-term disability policy (the "Policy") after she suffered injuries in the automobile accident with Ashford. (*See* Compl. at ¶¶ 37-44, ECF #1 at Pg. ID 19-20.[1])

Cigna did not file an Answer to the Complaint. Instead, Life Insurance Company of North America ("LINA") filed an Answer addressing the claim in Count V. (*See* LINA Ans., ECF #5.) LINA explained that it was filing the Answer

---

[1] Fields originally filed this action in state court. The Defendants timely removed the action to this Court. (*See* Notice of Removal, ECF #1.)

because it issued the long-term disability policy in question and Cigna did not. (*See id.* at Pg. ID 38.)

LINA has now filed a motion for summary judgment on its own behalf and on behalf of Cigna. (*See* Mot. for Summ. J., ECF #32.) LINA argues that it is entitled to summary judgment on two independent bases: (1) there is no case or controversy because it has paid all benefits to which Fields is entitled and (2) Fields' claim is deficient because she failed to exhaust her administrative remedies under the Policy before filing suit. (*See id.*) For the reasons stated below, the Court **GRANTS** LINA's motion for summary judgment because Fields did not exhaust her administrative remedies under the Policy before filing suit.

# I

On May 25, 2016, a vehicle driven by Ashford and a vehicle driven by Fields were involved in an automobile accident. (*See* Compl. at ¶¶ 11-12, ECF #1 at Pg. ID 11.) Fields allegedly sustained injuries as a result of the collision. (*See id.* at ¶15, Pg. ID 12.)

At the time of the accident, Fields had long term disability insurance coverage through LINA. (*See* Policy, ECF #36 at Pg. ID 278-309.) After the Policy's required 90-day waiting period, LINA began paying Fields long-term disability benefits under the Policy. (*See* Decl. of Lisa Mekkelsen ("Mekkelsen Decl.") at ¶4, ECF #32-1 at Pg. ID 255.) LINA never made a formal decision to finally deny any claim for

benefits by Fields, and Fields never filed any administrative appeal of any decision affecting her right to benefits. (*See id.* at ¶6, Pg. ID 256.)

While LINA never denied a claim for benefits by Fields, it did withhold certain amounts from some of her benefits payments. (*See* ECF #36 at Pg. ID 335.) It did so based upon its erroneous belief that it was entitled to deduct from Fields' benefit amounts paid by other insurers. (*See id.*; Resp. to Mot for Summ. J., ECF #36 at Pg. ID 271.) LINA ultimately rectified its error by making an $8,000 payment to Fields after she filed this action. (*See* ECF #36 at Pg. ID 334-35.) Fields does not appear to argue that LINA is currently delinquent in the payment of any benefits owing under the Policy. However, Fields does contend that LINA owes her interest for the period during which it wrongly withheld the $8,000 in benefits. (*See* Resp. to Mot. for Summ. J., ECF #36 at Pg. ID 272.)

## II

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact . . . ." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id*. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there

3

must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52. Indeed, "[c]redibility determinations, the weighing of the evidence and the drafting of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.

### III

### A

LINA first argues that there is no case or controversy with respect to Fields' claim in Count V because Fields "has already received—and is continuing to receive—all of the relief she is seeking" in that count. (Mot. for Summ. J., ECF #32 at Pg. ID 252.) The Court disagrees. As noted above, Fields is seeking interest on the erroneously withheld benefits. The remaining claim for interest is thus a live issue that satisfies the constitutional requirement of a case or controversy. *See, e.g.*, *Templin v. Indep. Blue Cross*, 487 Fed. App'x 6, 11 (3d Cir. 2012) ("Dismissal of the claims as moot without considering the plaintiffs' entitlement to interest was error. Voluntary payment of withheld benefits after initiation of a lawsuit does not necessarily moot the plaintiffs' claims, since they have requested interest in their complaint." (collecting cases and authority)).

## B

LINA next argues that Fields' claim is "not ripe for judicial review because [Fields] did not exhaust her administrative remedies." (Mot. for Summ. J., ECF #32 at Pg. ID 253.) The Court agrees.

"Federal law requires that where administrative remedies are available they must be exhausted as a precondition to filing a suit under ERISA." *Cage v. Gen. Motors Defined Ben. Salaried Plan*, 98 F. Supp. 2d 803, 808 (E.D. Mich. 1999). LINA has submitted evidence that Fields did not exhaust her remedies before filing suit (*see* Mekkelsen Decl. at ¶6, ECF #32-1 at Pg. ID 256), and Fields has not submitted any evidence to the contrary. Instead, Fields argues that she was not required to administratively exhaust her claim because doing so would have been futile. Fields is incorrect.

The futility exception to the administrative exhaustion requirement is "quite restricted." *Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532, 535 (6th Cir. 2006) (internal quotations omitted). "Generally speaking," the Sixth Circuit has "applied the administrative-futility doctrine in two scenarios: (1) when the [p]laintiffs' suit is directed to the legality of the plan, not to a mere interpretation of it, and (2) when the defendant lacks the authority to institute the decision sought by [p]laintiffs." *Id.* (internal quotations and citations omitted). Moreover, to establish futility, "[a] plaintiff must show that it is certain that his claim will be denied on

appeal, not merely that he doubts that an appeal will result in a different decision." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998).

Fields has not even attempted to show how her circumstances or the facts of this case fit into or satisfy the Sixth Circuit's test for futility. Accordingly, the Court declines to excuse her failure to exhaust administrative remedies on the basis of futility.

## IV

For the reasons explained above, Count V of the Complaint fails against LINA (and Cigna) because Fields did not exhaust her administrative remedies. Accordingly, the Court **GRANTS** LINA's Motion for Summary Judgment (ECF #32).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 2, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 2, 2018, by electronic means and/or ordinary mail.

s/ Holly A. Monda
Case Manager
(810) 341-9764