UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA J. FIELDS,

    Plaintiff,

v.

PIERRE OCTAVIUS ASHFORD, *et al.*,

    Defendants.

Case No. 17-cv-11812
Hon. Matthew F. Leitman

_____/

### ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE FIRST AND THIRD PARTY CLAIMS FOR TRIAL (ECF No. 106)

This diversity action arises out of an automobile accident between Plaintiff Angela Fields and Defendant Pierre Octavius Ashford that occurred on I-96 in Milford, Michigan. Fields' Ford Edge crashed into back of Ashford's semi-truck shortly after Ashford pulled his truck from the shoulder into Fields' lane of travel. Fields has now brought third-party bodily injury claims against Ashford and Defendants Corr Transport, Inc. and Dakota Lines, Inc., the owners of Ashford's truck. (*See* Compl., ECF No. 1, PageID.9-21.) Ashford has also brought a claim for first-party No Fault benefits against Defendant Progressive Marathon Insurance Company. (*See id.*) In November 2019, Ashford, Corr Transport, and Dakota Lines moved for summary judgment. (*See* Mot., ECF No. 89.) The Court denied the motion on April 8, 2020. (*See* Order, ECF No. 95.) The case is now set for trial.

1

On February 16, 2022, Ashford, Corr Transport, and Dakota Lines filed a motion to bifurcate the trial in this case. (*See* Mot., ECF No. 106.) More specifically, these Defendants ask that Fields' third-party "negligence claims against them be bifurcated from [her first-party] claims for No Fault benefits against [] Progressive." (*Id.* at ¶5, PageID.3199.) Ashford opposes bifurcation. (*See* Ashford Resp., ECF No. 107.) The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

Requests for bifurcation are governed by Federal Rule of Civil Procedure 42(b). That rule provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more specific issues, claims, crossclaims, counterclaims, or third-party claims." Fed. Rule. Civ. Proc. 42(b). "The language of Rule 42(b) places the decision [whether] to bifurcate within the discretion of the district court." *Saxon v. Titan-C Mnfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). *See also Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996) (noting that "[t]he decision whether to try issues separately is within the sound discretion of the trial court").

The Court has carefully reviewed Ashford's, Corr Transport's, and Dakota Lines' motion and concludes that these Defendants have not made a persuasive showing that bifurcation is warranted here. The Court acknowledges that the claims against Progressive and the claims against Ashford, Corr Transport, and Dakota

2

Lines have different elements, but any risk of prejudice or juror confusion can be meaningfully addressed through a clear set of jury instructions at trial. Thus, prior to trial, the Court will provide Ashford, Corr Transport, and Dakota Lines a full opportunity to present a proposed set of jury instructions that would alleviate both potential juror confusion and/or prejudice to the Defendants. *See Kelley v. Steel Transp., Inc.*, 2011 WL 1690066, at *4 (E.D. Mich. May 4, 2011) (denying motion to bifurcate because, among other things, proper jury instruction could reasonably be expected to eliminate risk of unfair prejudice); *Brumfield v. Tyson Foods, Inc.*, 2007 WL 9770235, at *2 (N.D. Ohio Oct. 10, 2007) (explaining that court had denied motion to bifurcate because "appropriate jury instructions would avoid any possible prejudice to Defendants").

Ashford, Corr Transport, and Dakota lines counter that this Court should follow the Michigan Supreme Court's endorsement of the bifurcated approach in *Harry v. State Farm Mut. Auto. Ins. Co.*, 728 N.W.2d 865 (Mich. 2007). Like here, *Harry* arose out of an automobile accident. The plaintiff brought both (1) a claim for first-party No Fault benefits and (2) an uninsured motorist claim. The claims were tried together before a single jury. On appeal to the Michigan Supreme Court, that court vacated the jury's verdict and directed that, on remand, the state circuit court should hold "a bifurcated retrial with respect to plaintiff's uninsured motorist and personal insurance protection benefit claims." *Id.*

But the decision in *Harry* contained no substantive analysis of the standards for bifurcation. Nor did it explain why bifurcation was appropriate in that case. It is therefore difficult for this Court to understand why the court in *Harry* endorsed the bifurcated approach. Perhaps because *Harry* did not announce a governing rule or standard, trial courts in Michigan have continued to deny post-*Harry* motions to bifurcate trials in automobile accident cases much like the motion Ashford, Corr Transport, and Dakota Lines have filed in this case. *See, e.g.*, *Manuel v. Geico Indemnity Co.*, 2014 WL 11207348 (Wayne Cty. Cir. Ct., Nov. 3, 2014) (denying motion to bifurcate first and third-party claims).[1]  In any event, since *Harry* concerned a matter of procedure rather than substantive Michigan law, it is not binding upon this Court in this diversity action. *See Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002) ("In federal diversity actions, state law governs substantive issues and federal law governs procedural issues."). For all of these reasons, the Court is not persuaded that *Harry* requires (or even meaningfully supports) bifurcation here.

---

[1] In *Manuel,* the defendant who sought to bifurcate the proceedings made arguments that closely tracked the arguments that Ashford, Corr Transport, and Dakota Lines have made here – including arguments based on the Michigan Supreme Court's decision in *Harry*. *See* Def.'s Br., *Manuel*, 2014 WL 11207211 (Wayne. Cty. Cir. Ct. Oct. 22, 2014).

For the reasons explained above, Ashford's, Corr Transport's, and Dakota Lines' motion to bifurcate (ECF No. 106) is **DENIED**

**IT IS SO ORDERED**.

Dated: March 29, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126