UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA J. FIELDS,

    Plaintiff,

v.

Case No. 17-cv-11812
Hon. Matthew F. Leitman

PIERRE OCTAVIUS ASHFORD, *et al.*,

    Defendants.

_____/

### ORDER RESOLVING MOTIONS IN LIMINE (ECF Nos. 111, 112, 113, 119, AND 121)

On May 23, 2022, the Court held a hearing on the parties' motions *in limine*. For the reasons stated on the record during the hearing, and until further order of the Court, **IT IS HEREBY ORDERED** as follows:

- Defendants' motion *in limine* (ECF No. 111) to preclude references to Plaintiff's stricken liability expert, Gary McDonald, is **GRANTED**. Neither party shall reference Mr. McDonald, his work, his expert report, or his opinions at trial. Nor shall either party use any exhibit or any data created by Mr. McDonald.

- Defendants' motion *in limine* (ECF No. 112) to preclude references to Plaintiff's undisclosed medical providers is **GRANTED IN PART AND DENIED IN PART** as follows. Plaintiff may call Dr. Hassan Alosh and

1

Dr. Peter Biglin as witnesses at trial provided that, prior to trial, (1) Plaintiff promptly executes all necessary authorizations so that Defendants may obtain the treating records of doctors Alosh and Biglin and (2) doctors Alosh and Biglin make themselves available for a deposition. Defendants may file an expedited motion to exclude the opinion testimony of doctors Alosh and Biglin if they believe that there is a good faith basis to do so. Absent further order of the Court, Plaintiff shall not introduce into evidence any testimony or treatment records related to Plaintiff's diagnoses and/or and treatment that occurs after May 23, 2022.

- Defendants' motion *in limine* (ECF No. 113) to preclude admission of the police reports and related evidence is **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART**. Absent a further ruling from the Court, all police reports are inadmissible and shall not be introduced into evidence at trial. Nor may the parties ask questions of witnesses soliciting the substance of the police reports. The parties shall file supplemental briefs on the issue of whether the Court should exclude the opinion testimony of certain police officers who responded to the scene of the accident under the decision of the United States Court of Appeals for the Sixth Circuit in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015). Defendants shall file their supplemental brief by no later than **May 31,**

**2022.**  Plaintiff shall file a response to Defendants' supplemental brief by no later than **June 7, 2022**.

- Plaintiff's motion *in limine* (ECF No. 119) to preclude testimony and evidence regarding impact speed is **GRANTED IN PART AND DENIED IN PART** as follows.  Absent further order of the Court, no party shall reference the fact that Plaintiff's speedometer needle was stuck on 92 miles-per-hour following Plaintiff's accident.  If, during trial, Defendants come to believe that this evidence has become admissible for some purpose, Defendants may, outside the presence of the jury, ask the Court to reconsider this ruling.  To the extent that Plaintiff's motion seeks to exclude any other evidence related to Plaintiff's speed, the motion is **DENIED**.

- Defendants' motion *in limine* (ECF No. 122) to preclude references to insurance is **GRANTED**.  If, during trial, Plaintiff comes to believe that this evidence has become admissible for some purpose, Plaintiff may, outside the presence of the jury, ask the Court to reconsider this ruling.

**IT IS SO ORDERED**.

Dated:  May 24, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4