UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA J. FIELDS,

    Plaintiff,

v.

PIERRE OCTAVIUS ASHFORD, *et al.*,

    Defendants.

_____/

Case No. 17-cv-11812
Hon. Matthew F. Leitman

**ORDER (1) GRANTING OUTSTANDING COMPONENT OF DEFENDANTS' MOTION IN LIMINE (ECF No. 113) AND (2) PRECLUDING PLAINTIFF FROM ELICITING EXPERT OPINION TESTIMONY FROM POLICE WITNESSES**

This diversity action arises out of an automobile accident between Plaintiff Angela Fields and Defendant Pierre Octavius Ashford that occurred on I-96 in Milford, Michigan.

On May 23, 2022, the Court held the Final Pre-Trial Conference. At that conference, the Court heard argument on various motions *in limine* that the parties had filed. One such motion was Defendants' motion to preclude admission of the police reports and related evidence arising out of the police investigation of Fields' and Ashford's accident. (*See* Mot., ECF No. 113.) The Court granted the motion to the extent that it sought to preclude Fields from introducing the police reports as evidence at trial. (*See* Order, ECF No. 144.)

1

During the colloquy on Defendants' motion, Fields disclosed for the first time that she planned to elicit certain expert opinion testimony at trial from at least one of the police officers listed on her witness list.[1] This expert opinion testimony would relate to accident reconstruction and related issues. Defendants opposed the admission of that testimony and asked the Court to exclude it. The Court directed the parties to file supplemental briefs on that issue (*see id.*), and the parties have now done so. (*See* Supp. Brs., ECF Nos. 145, 147.) For the reasons explained below, Fields shall be precluded from eliciting expert opinion testimony from any police officers who testify at trial. The outstanding component of Defendants' motion *in limine* (ECF No. 113) is therefore **GRANTED**.

**I**

The disclosure of expert opinion witnesses is governed by Federal Rule of Civil Procedure 26(a)(2). That rule provides, in relevant part, that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 26(a)(2)(A). A witness who is "retained or specifically employed to provide expert testimony in the case" under the specified Rules of Evidence must provide a full report outlining, among other things, his

---

[1] Fields clarified during the Final Pre-Trial Conference that she seeks to elicit expert opinion testimony from the officers under Federal Rule of Evidence 702, not lay opinion testimony under Federal Rule of Evidence 701.

2

opinions, the facts and data he considered, and his qualifications. Fed.R.Civ.P. 26(a)(2)(B). For all other witnesses who will be providing expert opinion testimony under the Federal Rules of Evidence, the party seeking to admit the expert opinion must provide the opposing party with a disclosure that "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C).

Rule 26(a)(2)(D) authorizes a district court to enter an order setting the time by which each party must make the required disclosures of expert opinion witnesses. *See* Fed.R.Civ.P. 26(a)(2)(D). Pursuant to that rule, the Court entered an order requiring Fields to make her Rule 26(a)(2) disclosures by March 28, 2018. (*See* Order, ECF No. 25, PageID.191). The Court later extended the due date for those disclosures to April 11, 2018. (*See* Order, ECF No. 33, PageID.257.) Finally, the Court extended the due date for Fields to disclose certain medical expert witnesses until September 10, 2018. (*See* Order, ECF No. 69, PageID.1493.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Thus, while a Court may issue a lesser sanction, "exclusion of late or undisclosed evidence is the usual remedy for

3

noncompliance with Rule 26(a)." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). When determining whether to exclude a witness under Rule 37, or impose a lesser sanction, the Court considers the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 748.

## II

Defendants argue that the Court should prohibit Fields from eliciting expert opinion testimony from the police officers in question because Fields failed to make disclosures concerning those witnesses under Rule 26(a)(2). Fields counters that she was not required to make such disclosures because "the Pre-trial report requirement of Fed. R. Civ. P. 26(a)(2)(B) does not apply to fact witnesses who also qualify to give expert opinions that are offered in limited context of their direct, personal knowledge, as actors or viewers of facts of particular case." (Fields Supp. Br., ECF No. 147, PageID.4229-4230.) Fields' argument misses the point. The question before the Court is not whether the officers Fields intends to call as expert opinion witnesses were required to provide a *report* under Rule 26(a)(2)(B). That rule does not apply here because the police officers in question were neither retained nor employed by Fields to provide expert testimony in this action. Instead, the question

4

is whether Fields was required to disclose the officers as expert opinion witnesses and to identify the substance of their opinions under Rule 26(a)(2)(C). Fields does not address that rule at all in her supplemental brief. Nor has she explained why she was not required to disclose the officers and the substance of their opinions.[2] The Court concludes that Fields was required to disclose the officers' proposed expert opinion testimony under Rule 26(a)(2)(C) and that she failed to do so.

The Court must next determine the appropriate sanction for that failure by applying the applicable *Howe* factors. When the Court does so, it concludes that Fields must be precluded from offering expert opinion testimony from the officers in question at trial.

First, there is substantial surprise to the Defendants. As Defendants explain in detail in their supplemental brief (*see* Defs.' Supp. Br., ECF No. 145, PageID.4194-4196), Fields did not disclose that she planned on eliciting expert opinion testimony from any police officers until the Final Pre-Trial Conference even though Fields had ample opportunity to do so – and was required to do so – much

---

[2] Fields directs the Court to *In re Tess Communications, Inc.*, 291 B.R. 535 (Bankr. D. Colo. 2003), a decision from the United States Bankruptcy Court for the District of Colorado, but her reliance on that decision is misplaced. In *In re Tess Communications*, the court held only that "Rule 26(a)(2)(B) authorizes certain experts to testify (*i.e.*, and provide Fed.R.Evid. 702 testimony) at trial without their testimony having been preceded by an expert report." *Id.* at 537. But the court did not consider whether the party proposing to offer the expert opinion testimony had to disclose the experts and their opinions under Rule 26(a)(2)(C) – the rule that applies to the officers' opinions here.

earlier. Indeed, Fields did not disclose the officers as expert opinion witnesses in her preliminary witness list, her second or third amended witness list, her Rule 26(a)(3) pre-trial disclosures, or the joint trial witness list. (*See id.*) Thus, until more than midway through the Final Pre-Trial Conference, the Defendants had no way of knowing that Fields planned on calling the officers as expert opinion witnesses. And Defendants still do not know the opinions from the officers that Fields intends to present because Fields still has not disclosed them. Under these circumstances, the surprise to Defendants is significant.

Fields counters that there is no surprise to Defendants because the officers' opinions were included in their police reports and because Defendants' expert accident reconstructionist relied on the opinions reflected in the police reports when drafting his expert report. But the police report does not include any opinions from the officers. (*See* Police Rpt., ECF No. 145-1.) It includes only their first-hand observations from the scene (*see id.*), and the Court already held that the officers could testify as to those observations. Moreover, Defendants' expert did not rely on any opinions from the officers as reflected in their reports. Fields has therefore failed to rebut the Defendants' showing that they would be surprised by the presentation of the officers' expert opinion testimony at trial. The first *Howe* factor therefore weighs strongly in favor of barring Fields from presenting the officers' expert opinion testimony.

Second, Defendants do not have the ability to cure that surprise. Discovery has been closed for a very long time, and the Court is not going to re-open discovery at this late stage in the proceedings. Thus, the Defendants do not have the ability to depose the officers to explore their opinions before trial, nor do Defendants have the opportunity to obtain through discovery additional evidence that could undermine any opinions to be offered by the officers. The substantial surprise here is incurable. Accordingly, the second *Howe* factor weighs heavily in favor of excluding expert opinion testimony from the officers.

Third, it is not yet clear to the Court how or to what extent allowing Fields to present the undisclosed expert opinion testimony from the officers would disrupt the trial. But, in any event, this is not a significant factor in the Court's analysis given the substantial surprise and incurable prejudice described above.

Fourth, the proposed expert opinion testimony appears to be very important because the testimony goes to the key disputed issue in the case: how did the accident happen? The importance of the testimony potentially cuts both ways in the *Howe* analysis. On one hand, the fact that the testimony could be a central piece of Fields' case weighs in favor of admitting it because Fields arguably has a substantial need for the testimony. On the other hand, the importance of the testimony weighs against its admission because it would be unfairly prejudicial to permit Fields to present important expert opinion evidence that Defendants have not had a full and fair

7

opportunity to explore and test during discovery. While this is a close question, the Court concludes the fourth *Howe* factor concerning importance of the evidence weighs in favor of excluding the officers' expert opinion testimony because the unfair prejudice to Defendants would be so substantial.

Finally, Fields has not presented a sufficient explanation for her failure to disclose the officers as expert opinion witnesses. Instead of explaining why she did not comply with the clear disclosure requirements of Rule 26(a)(2)(C), she argues that her "failure to disclose [the] officers' expert testimony is irrelevant, illegitimate and a red herring as [she] and Defendants have engaged in extensive discovery, including early joint inspection of the involved vehicles and almost simultaneous possession of the police reports, and FOIA discovery containing the police officer's investigation, conclusions, statements taken regarding the collision and inspection of the scene." (Fields Supp. Br. ECF No. 147, PageID.4235.) But that does not excuse or explain why Fields did not make the requires disclosures under Rule 26(a)(2)(C). Fields' inability to offer a reasonable explanation for her failure to disclose the officers' expert opinion testimony weighs heavily in favor of excluding the testimony.

8

For all of the reasons explained above, the Court concludes that the balance of the *Howe* factors weighs heavily in favor of preventing Fields from eliciting expert opinion testimony from the police officers who responded to the scene of her accident. The Court will therefore bar Fields from offering that testimony at trial.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126